**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

JOHN GASTON, on behalf of
himself and all others similarly situated,

    Plaintiff

v.

INSIGHT SERVICE GROUP, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, JOHN GASTON ("Plaintiff" or "GASTON"), on behalf of himself and all others similarly situated, pursuant to *29 U.S.C. § 216(b),* files the following Complaint for Damages and Demand for Jury Trial against Defendant, INSIGHT SERVICE GROUP, INC. ("Defendant" or "ISG"), and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of compensation during the course of his employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201-216*, to recover all minimum wages owed to Plaintiff that Defendant refused to pay to Plaintiff and all other similarly situated individuals during the course of his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, ISG, was a Massachusetts corporation located and transacting business within Miami-Dade, Broward, and Palm Beach County, Florida, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Plaintiff worked for Defendant, ISG, throughout the Miami-Dade, Broward, and Palm Beach County areas.

5. Defendant, ISG, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within the State of Florida, including Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

7. Defendant, ISG, regularly transacts business throughout the state of Florida, including Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. §§ 1331* and *1337*.

8. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

9. Defendant, ISG is a national full-service insurance claim management company, which provides investigative services for fraud and medical insurance industries.

10. According to its website, ISG holds itself out to the community as follows:

> ISG is a national market leader offering a unique combination of insurance claim management solutions. With over twenty-five years of experience, we have a comprehensive understanding of the industry and the opportunities and challenges facing our clients . . . ISG services over 52,000 insurance and claim colleagues across the industry . . . We maintain nearly 1,000 field investigators, a network

>     of over 15,000 medical providers, and successfully retrieve medical records from over 500,000 facilities nationally, per year.

See *https://isgvalue.com/our-company/*.

11. During all relevant time periods hereto, ISG employed hundreds (if not thousands) of field investigators like Plaintiff to perform surveillance and investigation services for ISG throughout the Miami-Dade County, Broward County, and Palm Beach County areas.

12. ISG's services extend throughout the entire State of Florida.

### FLSA COVERAGE

13. During all times material hereto, ISG was covered under the FLSA through enterprise coverage, as ISG was engaged in interstate commerce during all time periods in which Plaintiff, and all similarly situated individuals, were employed. More specifically, during all times material hereto, ISG employed at least two (2) or more employees who regularly handled goods and/or materials on a constant and/or continuous basis that traveled across state lines, including, but not limited to the following: cellular telephones, computer equipment, video cameras, recording equipment, notepads, automobiles, paper, office supplies, pens, chairs, printers, and other office materials.

14. Upon information and belief, Defendant, ISG, grossed or did business in excess of $500,000 during the years of 2015, 2016, 2017, 2018, 2019, and is expected to gross in excess of $500,000 in 2020.

15. During all times material hereto, Plaintiff was a non-exempt hourly employee of Defendant, ISG, within the meaning of the FLSA.

### PLAINTIFF'S WORK FOR DEFENDANT

16. Plaintiff worked for Defendant as a Field Investigator from 2017 through July 1, 2020.

17. During all time periods pertinent to this Complaint, Defendant had and retained the power to hire, fire, discipline, and control company pay practices and policies as they relate to Plaintiff.

18. During all time periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendant including, but not limited to the following: performing investigation tasks such as surveillance, report writing, social media and online research, report submission, file and video uploading and formatting, sending e-mails, attending phone conferences, making phone calls, attending meetings, reviewing reports and documents, facilitating communications with supervisors and other investigators, etc.

19. During all times material hereto, Defendant paid Plaintiff on an hourly basis.

20. During all time periods material hereto, Defendant implemented and followed a company-wide policy that failed to pay Plaintiff for all hours of work performed during his employment in one or more workweeks.

21. Specifically, Plaintiff performed off-the-clock work for Defendant in one or more workweeks, due to Defendant's company-wide policy that restricted Plaintiff's input of hours spent performing work such as attending conference calls, meetings, conducting phone calls with supervisors and investigators, and uploading reports and videos after surveillance work was performed in the field.

22. Defendant knew or had reason to know that Plaintiff was not paid for all hours of work performed during his employment in one or more workweeks.

23. In order to enforce his rights, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

## **COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS –** *29 U.S.C. § 206*

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

26. For the past three (3) years, Defendant failed to compensate Plaintiff at the applicable federal minimum wage rate of $7.25 for all hours of work he performed during one or more work weeks of his employment with ISG.

27. Defendant's failure to pay Plaintiff his proper federal minimum wages for all hours of work performed during one or more workweeks of his employment with ISG violates the FLSA.

28. Defendant willfully and intentionally refused to pay Plaintiff his proper minimum wages as required by the FLSA, as Defendant knew or should have known of the minimum wage requirements of the FLSA and refused to comply with those requirements.

29. Moreover, Defendant knew, or should have known, that Plaintiff was performing uncompensated work for Defendant's benefit.

30. Defendant recklessly failed to investigate whether Defendant's payroll practices were in accordance with the FLSA during the relevant time period.

31. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

32. Defendant's willful or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated (or double) damages.

33. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, JOHN GASTON, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, INSIGHT SERVICE GROUP, INC., and award Plaintiff: (a) unliquidated minimum wage damages to be paid by Defendant; (b) liquidated damages to be paid by Defendant; (c) reasonable attorney's fees and costs to be paid by Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, JOHN GASTON, requests and demands a trial by jury on all appropriate claims.

**Dated this 16th of July 2020.**

Respectfully Submitted,

| | |
|---|---|
| **USA EMPLOYMENT LAWYERS – JORDAN RICHARDS, PLLC** <br> 805 E. Broward Blvd. Suite 301 <br> Fort Lauderdale, Florida 33301 <br> Ph: (954) 871-0050 <br> *Counsel for Plaintiff, John Gaston* <br><br> By: */s/ Jordan Richards* <br> JORDAN RICHARDS, ESQUIRE <br> Florida Bar No. 108372 <br> MELISSA SCOTT, ESQUIRE <br> Florida Bar No. 1010123 <br> JAKE BLUMSTEIN, ESQUIRE <br> Florida Bar 1017746 <br> Jordan@jordanrichardspllc.com <br> Melissa@jordanrichardspllc.com <br> Jake@jordanrichardspllc.com | **Eggnatz \| Pascucci** <br> 7450 Griffin Road <br> Suite 230 <br> Davie, Florida 33314 <br> Ph: (954) 889-3359 <br> *Counsel for Plaintiff, John Gaston* <br><br> By: */s/ Joshua H. Eggnatz* <br> JOSHUA H. EGGNATZ, ESQUIRE <br> Florida Bar No. 0067926 <br> MICHAEL J. PASCUCCI, ESQUIRE <br> Florida Bar No. 83397 <br> jeggnatz@JusticeEarned.com <br> MPascucci@JusticeEarned.com |

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 16, 2020.

By: */s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**